**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-25908-CIV-MARTINEZ**

DANIEL MONTESANO,

Petitioner,

v.

MIAMI FEDERAL DETENTION CENTER, *Warden*, *et al.*,

Respondents.
_________________________________/

**ORDER DENYING PETITION**

**THIS CAUSE** comes before the Court on Petitioner Daniel Montesano's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition") [ECF No. 1]. Petitioner challenges his detention at the Miami Federal Detention Center ("FDC"), arguing that his immigration detention is unlawful because Respondents improperly revoked his Order of Supervision and there is no significant likelihood that he will be removed in the reasonably foreseeable future. (*See generally id.*). In accordance with 28 U.S.C. § 2243, the Court issued an Order directing Respondents to show cause why the Petition should not be granted. (September 2, 2026 Order [ECF No. 8]). Respondents filed their Response to the Court's show cause Order on September 8, 2026 (the "Response") [ECF No. 9]. The Court has considered the Petition, the Response, the record, and applicable law. For the following reasons, the Petition is **DENIED**.

Petitioner is a native and citizen of Cuba. (Resp. 2). He entered the United States as a minor at the Brownsville, Texas Port of Entry in May 2004, and his status was adjusted to Lawful Permanent Resident in August 2005. (*See* R. of Deportable/Inadmissible Alien [ECF No. 9-1] 2). In May 2019, Petitioner was placed on probation after adjudication was withheld in a state criminal

case charging him with possession of cocaine and marijuana. (Resp. 2). After Petitioner violated his probation in July 2020, U.S. Immigration and Customs Enforcement ("ICE") charged him as removable under 8 U.S.C. § 1227(a)(2)(B)(i). (*See id.*; Decl. [ECF No. 9-4] 2). An Immigration Judge ordered Petitioner removed in August 2020. (IJ Order [ECF No. 9-5]). Because ICE determined there was no significant likelihood of removal in the reasonably foreseeable future at that time, it released Petitioner on an Order of Supervision on August 26, 2020. (Resp. 3).

In September 2021, Petitioner was convicted of cocaine trafficking, and in July 2026, he was arrested for domestic violence battery. (*Id.*). After his battery arrest, ICE issued Petitioner both an immigration detainer and an arrest warrant on July 7, 2026. (*Id.*). A few days later, on July 10, ICE served Petitioner with a Notice of Revocation of Release, conducted an informal interview with him about the revocation, and gave him written warning of the consequences of failing to leave the country. (*Id.*). ICE took Petitioner into immigration custody on July 11, 2026. (*Id.*).

On July 27, 2026, ICE served Petitioner with a Notice of Removal to Mexico, which he refused to sign. (*Id.* 3–4). ICE then served Petitioner with a Notice of Failure to Comply Pursuant to 8 C.F.R. § 241.4(g), which he also refused to sign. (*Id.* 4). Petitioner remains detained at the FDC. (*Id.*). Petitioner filed the Petition on August 24, 2026, asking the Court to declare his detention unlawful and order his immediate release. (Pet. 8). He argues his Order of Supervision was improperly revoked because the reasons listed in the revocation notice are based on inaccurate facts and are invalid. (*See id.* 7). He also argues he is unlikely to be removed in the foreseeable future because Respondents "have not produced evidence that Mexico" or any other country "has formally accepted" him for repatriation, so his failure to sign the Notice of Removal is not the legally significant factor preventing his removal. (*See id.* 6–8).

In their Response, Respondents argue "Petitioner is subject to a final order of removal and is being lawfully detained" under 8 U.S.C. § 1231(a)(6)." (Resp. 4). They note Petitioner had been detained for only 48 days when he filed the Petition, which is "an insufficient amount of time to state a claim" for unlawfully prolonged detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Resp. 6). Finally, Respondents argue Petitioner "has failed to meet his burden to demonstrate there is no significant likelihood of removal" because he offers only "unsupported allegations" that Respondents have not shown Mexico will accept him or have not produced travel documents. (*See id.*). The Court agrees with Respondents that Petitioner is lawfully detained.

Detention of noncitizens who have been ordered removed is mandatory. *See* 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien."); *Zadvydas*, 533 U.S. at 683 ("After entry of a final removal order and during the 90–day removal period, however, aliens must be held in custody."). The same is true for noncitizens who are "deportable by reason of having committed any offense covered in" § 1227(a)(2)(B). *See* 8 U.S.C. § 1226(c)(1)(B) (noting that ICE "shall take into custody" those "criminal" noncitizens). Petitioner was ordered removed in August 2020, and that removal order became administratively final immediately because he waived his right to appeal it. (*See* IJ Order); *Riley v. Bondi*, 606 U.S. 259, 267 (2025); 8 U.S.C. § 1101(47)(B)(ii). Petitioner was found removable based on his cocaine conviction, which is an offense covered in § 1227(a)(2)(B). (*See* Decl. 2); 8 U.S.C. § 1227(a)(2)(B)(i) ("Any alien who at any time after admission has been convicted of a violation of . . . any law or regulation of a State, the United States, or a foreign country relating to a controlled substance . . . is deportable."). For those reasons, Petitioner is not entitled to immediate release. *See* 8 U.S.C. §§ 1226(c)(1)(B), 1231(a)(2)(A).

To the extent Petitioner intends to raise a *Zadvydas* claim, that claim is premature. The Supreme Court has recognized that the presumptively reasonable period of detention for noncitizens subject to a final order of removal is six months. *See Zadvydas*, 533 U.S. at 701. The Eleventh Circuit, for its part, has further explained that "to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

ICE took Petitioner into custody on July 11, 2026, (*see* Resp. 3), so he has been detained for less than three months. His detention has not yet exceeded the presumptively reasonable period, *see Zadvydas*, 533 U.S. at 701; *Akinwale*, 287 F.3d at 1052, and any claim for relief from prolonged detention under *Zadvydas* is premature, *see, e.g.*, *Espinoza-Sorto v. Agudelo*, No. 1:25-CV-23201, 2025 WL 3012786, at *7 (S.D. Fla. Oct. 28, 2025). For the same reason, the Court does not now need to resolve Petitioner's assertions that Respondents are unlikely to remove him in the reasonably foreseeable future and that his failure to sign the Notice of Removal is not the legally significant factor preventing his removal. (*See id.* 6–8).

Finally, as to Petitioner's contention that Respondents improperly revoked his Order of Supervision, the Court disagrees. Noncitizens released pursuant to an order of supervision are governed by 8 C.F.R. § 241.4. *See* 8 C.F.R. § 241.5(a). That regulation sets out the steps Respondents must take to revoke orders of supervision, including that the noncitizen "be notified of the reasons for revocation" and "be afforded an initial informal interview promptly after his" redetention to allow him "an opportunity to respond to the reasons for revocation stated in the notification." *See* 8 C.F.R. § 241.4(l)(1). Petitioner received the required notice and informal interview. (*See* Notice [ECF No. 9-10]; Decl. 3).

Despite Petitioner's assertion that the notice is based on inaccurate facts, the notice accurately states that ICE revoked his release because his battery arrest violated a condition of release, which it did. (*See* Notice). The notice also accurately states that ICE was seeking a travel document to Cuba or a third country, which the July 27 Notice of Removal to Mexico substantiates. (*See id.*; Notice of Removal [ECF No. 9-13]). As a result, there is no basis for the Court to hold that Respondents failed to afford all required process before redetaining Petitioner. *See Tawil v. Cardinal*, No. 26-CV-22521, 2026 WL 2198539, at *6 (S.D. Fla. July 30, 2026).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, [ECF No. 1], is **DENIED**.
2. The Clerk is **DIRECTED** to mail a copy of this Order to Petitioner.
3. This case is **CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this 22 day of September 2026.

[signature]

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc: all counsel of record
Petitioner, *pro se*